Wilmer S. FALLON

v.

UNITED STATES.

No. 383–56.

United States Court of Claims.
Dec. 3, 1958.

Wilmer S. Fallon, pro se.

Albert K. Geer, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

**776**

MADDEN, Judge.

This is a patent suit under Title 28 U.S.C. § 1498, for reasonable and entire compensation for alleged unlicensed use or manufacture by or for the defendant of an invention described and claimed in United States patent 2,417,816, issued to plaintiff. In a response filed December 7, 1956, plaintiff limited this suit to claim 19 of said patent.

This case comes before the court on defendant's motion for summary judgment on the ground that claim 19 is clearly and fully anticipated by each of three prior patents, and is therefore invalid under Title 35 U.S.C. § 31, 1940 Edition.[1]

 If a patent claim is manifestly invalid, the validity issue may be raised by a motion for summary judgment, and the case may be determined on the issue so formed. Richards v. Chase Elevator Company, 158 U.S. 299, 15 S.Ct. 831, 39 L.Ed. 991. While it is infrequent that claims in duly issued patents may be determined by inspection to be manifestly and completely anticipated by the disclosure of a prior patent, we find that here such a determination may be made, and that the testimony of technical and patent experts is not necessary in the present suit.

 The invention before us relates to the construction of a fluid pump or motor. Claim 19 of the patent in suit defines and sets forth the metes and bounds of the plaintiff's alleged invention. It is, of course, settled law that the patent claims, rather than the specification or drawing, control in determining the scope of a patent. Graver Tank & Mfg. Co., Inc., v. Linde Air Products Company, 336 U.S. 271, 277, 69 S.Ct. 535, 93 L.Ed. 672, and Kuhne Identification Systems, Inc., v. United States, 82 Ct.Cl. 237, 238.

Claim 19 is reproduced with indentations and added emphasis to facilitate identity of the structure thereby defined.

"*Claim 19*

"In an apparatus of the type described,

"(1) a *housing*,

"(2) fluid pump or motor *elements* therein,

"(3) a rotatable *shaft* operatively connected to said elements and extending through one end of the housing, and

"(4) fluid *connections* for said elements disposed at the other end of the housing,

"(4a) said fluid connections comprising *inlet and outlet passageways* formed within said housing and extending to the exterior of said housing in *acute angle diverging relation to each other and to the axis of the housing.*"

The Fallon patent drawings disclose in figure 1 a pump or motor having a housing 10 including a removable cover 13, pump or motor elements within the housing, a shaft 41 at the left end of the housing 10, and pipe connections 28 and 29 at the right end of the housing. The pipe connections 28 and 29 are alined with inlet and outlet passageways 25 and 26. When the apparatus is used as a pump, passageway 25 is the inlet or suction connection, and passageway 26 is the exhaust or discharge connection. The passageways 25 and 26 extend through the cover 13 of said housing 10 in an acute angle diverging relation to each other and to the axis of the housing.

The Centervall patent 2,001,706, issued some seven years before the Fallon application for patent was filed, discloses a variable capacity pump having a housing 11 including end members 10 and 12, pump elements within the housing, a drive shaft 36 at the left end of the housing, and pipe connections 29 and 30 at the right end of the housing. These pipe connections communicate with inlet and outlet passageways 27 and 28 in the housing end member 10. The passageways 27 and 28 are disclosed in an acute angle diverging relation to each other and to the axis of the housing. The Centervall patent pipe connections 29 and 30 do not diverge but are parallel. This

1. Now 35 U.S.C.A. §§ 101, 102, 161.

difference is immaterial since Fallon claim 19 defines only the inlet and outlet *passageways* as being in diverging relation. The Centervall patent shows such diverging passageways.

The disclosure of Thomas patent 2,-262,593 is generally similar to the disclosure of the Centervall patent except that the inlet and outlet passageways 27 and 28, shown in figure 2, extend to the exterior of housing end 20 in *obtuse angle* diverging relation to each other. In view of the Centervall patent teaching, the Thomas patent needs no further consideration.

The disclosure of German patent 627,-891, available some six years before the Fallon application for patent was filed, discloses in figure 3 a pump having a housing 15 including an end plate 16, pump elements within the housing 15, a drive shaft 13, and fluid connections at the outer ends of passageways 17 and 18. The passageways 17 and 18 of the German patent are illustrated in acute angle diverging relation to each other and to the axis of the housing 16.

We find that each element of claim 19 of the Fallon patent in suit is clearly disclosed in the prior Centervall patent and clearly disclosed in the prior German patent. These elements are combined in the Centervall patent construction and combined in the German patent construction in the same manner and perform the same function insofar as recited in claim 19 of the Fallon patent.

The usual presumption of patent claim validity does not aid plaintiff here since it appears to this court that claim 19 is plainly invalid for lack of invention over prior patents. Ryan Distributing Corporation v. Caley, 3 Cir., 147 F.2d 138, 141. Here the prior art and the patent claim are, without expert aid, easily understandable by anyone of the most modest intelligence. Vermont Structural Slate Company, Inc. v. Tatko Brothers Slate Company, Inc., 2 Cir., 233 F.2d 9, certiorari denied, 1956, 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123.

Defendant's motion for summary judgment is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE and WHITAKER, Judges, concur.