Pee Ctjkiam
; This is a suit pursuant to 28 U.S.C. § 1498 by plaintiff against the United States to recover the reasonable and entire compensation for the use of a patented design. The design patent alleged to have been used is that which covers a wire staple removing device. A like device *557 was supplied to the Government by the Paragon Plastic Corporation in response to a solicitation of bids issued by the General Services Administration.
In response to a notice served upon it pursuant to Pule 19(b) on motion made by the Government, the Paragon Plastic Corporation entered this suit as a third party defendant and has moved for summary judgment on the ground that plaintiff’s patented design was anticipated by prior art. The Government has filed a notice of concurrence in this motion.
The prior art staple remover was illustrated in an advertisement which appeared in the February 1942 issue of a trade magazine which preceded by five years the filing date of the application for the design patent in suit. A copy of this advertisement as well as actual models of both the prior art staple ¡¡.amover and the subject patented remover are supplied as exhibits to the present motion. An examination of the two shows clearly that the only substantial difference between the two is one of the materials of manufacture and not of design.
Plaintiff urges that this difference, i.e., plastic covering of the metal, together with its resulting great commercial success, shows the patented design to be inventive and hence not anticipated by the 1942 remover. This is insufficient. Knickerbocker Plastic Co. v. Allied Molding Corp., 184 F 2d 652. Nor do we find merit in plaintiff’s assertion that both the Government and the third party are estopped from denying the inventiveness of the subject patent on the grounds that the former’s bid called for such a remover and the latter supplied it rather than the earlier version. Plaintiff urges and cites cases in support of its position that summary judgment is not appropriate in patent cases. This court held to the contrary in Fallon v. United States, 144 Ct. Cl. 121, which involved a mechanical patent. Design patents are particularly susceptible to disposition on summary judgment. Alex Lee Wallau, Inc. v. J. W. Landerberger & Co., Inc., 121 F. Supp. 555, 560. Such is certainly the situation here where there has been no showing of a dispute as to a material fact.
*558 Plaintiff is not entitled to recover. The motion by the third party defendant for summary judgment will be granted and plaintiff’s petition dismissed.
It is so ordered.