Nicholas **STRAUSSLER**

v.

The **UNITED STATES.**

No. 209–59.

United States Court of Claims.

Dec. 11, 1964.

Paul M. Rhodes, Washington, D. C., for plaintiff. Revere B. Gurley, Washington, D. C., of counsel.

John E. Kidd, Atty., Civil Division, Dept. of Justice, Washington, D. C., with whom was Asst. Atty. Gen., John W. Douglas, for defendant. E. R. Weisbender, Washington, D. C., was on the brief.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, and COLLINS, Judges.

PER CURIAM:

This case was referred to Donald E. Lane, a trial commissioner of this court

who, under the order of reference, submitted his findings of fact and recommended conclusion of law in a report filed on November 8, 1963. Exceptions to the commissioner's report and requests for special findings of fact were filed by plaintiff, briefs were filed by the parties and the case was submitted to the court on oral argument of counsel. Since the court is in agreement with the opinion and recommendation of the commissioner, it hereby adopts the same as the basis for its judgment in this case as hereinafter set forth. Therefore, claims 1 and 2 of United States Letters Patent No. 2,398,057 are invalid, judgment is entered to this effect and plaintiff's petition is dismissed.

## OPINION OF COMMISSIONER

This is a claim for reasonable and entire compensation under 28 U.S.C. § 1498, for the unauthorized use and manufacture by or for the United States of a patented invention. The subject matter concerns a propulsion device for amphibious vehicles disclosed in United States Letters Patent 2,398,057, granted to Nicholas Straussler on April 9, 1946. The plaintiff is a citizen of Great Britain and is the sole owner of the patent in suit.

The patent disclosure and the patent claims in suit are described in detail in the accompanying findings of fact. The several issues of law involved are discussed in the following comments.

The propulsion device of the patent in suit was developed by the plaintiff during World War II as part of a program to make military vehicles, such as tanks, amphibious. The suit is based on a claim of infringement of claims 1 and 2 of the plaintiff's patent by the propulsion mechanism of the T46E–1 Amphibious Cargo Carrier, procured by the defendant during the 6-year period preceding the filing of plaintiff's petition. In defense of the charge of infringement, the defendant alleges that the patent is invalid and that the accused vehicle does not infringe the claims of the patent.

In support of its defense of invalidity, the defendant has cited a number of patents including Cook patent No. 1,634,932. The Cook patent, which is discussed in detail in finding 13, discloses an amphibious vehicle construction which anticipates claim 1 of the patent in suit. The plaintiff has contended, both in the present case and before the Patent Office during the prosecution of his patent application, that the Cook patent is unintelligible as to the details of the propeller mounting. The facts show, however, that a careful reading of the Cook patent specifications reveals sufficient details of the propeller mounting to clearly anticipate claim 1. The test for determining if a reference anticipates a claim of a patent is whether the reference contains within its four corners adequate directions for the practice of the patent claim invalidated. See Dewey & Almy Chemical Co. v. Mimex Co., Inc., 124 F.2d 986 (2d Cir.1942). Stated another way, the reference must disclose all the elements of the claimed combination, or their mechanical equivalents, functioning in substantially the same way to produce substantially the same result. See Williams Iron Works Co. v. Hughes Tool Co., 109 F.2d 500 (10th Cir.1940). The prior Cook patent meets these requirements and invalidates claim 1 of the patent in suit. The fact that the United States Patent Office cited the Cook patent during the prosecution of the Straussler patent application creates a presumption of validity over that reference. However, this presumption is rebutted where it is clear that the cited reference is a complete anticipation of the patent and that the alleged distinctions, urged upon the Patent Office by the applicant, were not valid distinctions. See Richmond Screw Anchor Co., Inc. v. Superior Concrete Accessories, Inc., 256 F.2d 232 (2d Cir. 1958); Robinson v. DiGaetano, 212 F.2d 1 (5th Cir. 1954) and J. R. Clark Co. v. Murray Metal Products Co., Inc., 219 F.2d 313 (5th Cir.1955).

In addition to the prior Cook patent, seven other patents, noted in finding 12

and including the British patent to Straussler No. 542,947, are found to anticipate claim 1 of the patent in suit. Six patents, including the Straussler British patent, are found in finding 20 to anticipate claim 2 of the patent in suit. Plaintiff has challenged the effective date of the British Straussler patent, saying that the "Complete Specification Accepted" date of February 3, 1942, which appears on the face of the British patent, is not proof that the patent was in fact published on that date. The copy of the Straussler patent, which was received in evidence, bears the U. S. Patent Office Library stamp with the date of April 22, 1942. This latter date is more than 1 year prior to the filing date, May 19, 1943, of the patent in suit, upon which plaintiff relies. In Great Britain, the accepted patent is published within a few weeks from the date of acceptance of the complete specification, which acceptance date is printed on the face of the patent. See Walker on Patents, Deller's Edition, Vol. 2, § 175, page 840. In view of the U. S. Patent Office Library stamp which corroborates the publication and availability of the British Straussler patent more than 1 year prior to the earliest date upon which the plaintiff relies, the British Straussler patent is a proper anticipatory reference.

■ Another issue presented in this case is the breadth or scope to be accorded patent claims 1 and 2 if they should be found to be valid. Specifically, claims 1 and 2 require that the driving clutch member be mounted *in* the vehicle body and that the casing carrying the propeller shaft be mounted to swing about a horizontal axis *on* the vehicle body. In the accused vehicle the driving clutch member is *not* mounted *in* the vehicle body is *not on* the vehicle body and the horizontal axis. The plaintiff alleges that these differences are minor and merely a matter of semantics. In addition to the fact that the evidence shows these differences significantly affect the operation of the device, it is noted that the patent in suit, which is not for a pioneer type invention, is located in a crowded art and that the plaintiff found it necessary to rely heavily on certain limitations recited in the claims in order to obtain the patent. In such a situation, patent claims must be narrowly construed, and the limitations and restrictions must be considered as necessary and material. Connecticut Paper Products, Inc. v. New York Paper Co., 127 F.2d 423 (4th Cir.1942); Simmons Co. v. A. Brandwein & Co., 250 F.2d 440 (7th Cir. 1957). In the event that patent claims 1 and 2 are found to be valid, these patent claims are not infringed by the propulsion mechanism of defendant's T46E–1 Amphibious Cargo Carrier.

■ Summarizing, it is found that claims 1 and 2 of plaintiff's patent 2,-398,057 are invalid over prior disclosures, and that, if valid, these patent claims have not been infringed by defendant's T46E–1 Amphibious Cargo Carrier.

It is recommended that plaintiff's petition be dismissed.