Per Curiam:
This case was referred to Trial Commissioner James F. Davis with directions to submit his recommendation for conclusions of law under Rule 54(b) on defendant’s motion for summary judgment. The commissioner has done so in an opinion and report filed on September 7, 1967, in which the facts necessary to the opinion are set forth therein. Defendant sought review of the commissioner’s report, opinion, and recommended conclusion of law, briefs were filed by the parties and the case was submitted to the court on oral argument of counsel. The court agrees with the opinion and recommendation of the commissioner.
In adopting the commissioner’s opinion the court emphasizes that it is leaving entirely open the issue of the validity of the patent under 35 U.S.C. § 103, and is not deciding that if plaintiffs prove commercial success that would automatically show non-obviousness. Similarly, the court leaves open the impact upon this case of the rule of General Electric Co. v. Jewel Incandescent Lamp Co., 326 U.S. 242 (1945). Those questions can best be determined upon a full record after the trial which the commissioner recommends.
Since the court is in agreement with the opinion and recommendation of the commissioner, as supplemented by the preceding paragraph, it hereby adopts the same as the basis for its judgment m this case. Therefore, defendant’s motion for summary judgment is denied and the case is *899 remanded to the trial commissioner for further appropriate proceedings.
Davis, Commissioner: This is a patent case in which plaintiffs seek reasonable and entire compensation (28 U.S.C. § 1498) for alleged infringement by defendant of U.S. Patent 2,806,131, entitled “Runway Emergency Lights.” [1]
Defendant moves for summary judgment that the single claim of the patent is invalid under 35 U.S.C. §§102(b) and 103.
The patented invention is an emergency light, particularly useful for marking airport runways at night. It is in essence a battery-operated electric lamp secured to a bag filled with ballast, such as gravel, sand, or the like, the bag having an opening for adding or removing the ballast. The sole claim reads:
An emergency light comprising a normally empty flexible bag, a self contained electric light unit comprising a battery housing, means supporting a light source in operative association with said housing, and a transparent cover enclosing said light source, means attaching said bag to said unit m such manner as to provide, when filled with suitable loose weights, a base for said unit, an aperture in said bag through which said weights may be inserted or removed, and means for opening said aperture to permit filling said bag.
The “crux of the invention,” so plaintiffs admit, is that the bag is “normally empty” and, by means of the opening in the bag, can be filled or emptied of ballast at will. As stated in the patent specification:
* * ' :!: * *
Another object [of the invention] is to provide a collapsible support for an electric emergency light which may be readily filled with natural ballast, such as sand, gravel, broken ice or snow available at the place of use. *****
In operation, the bags * * * may be filled with any convenient ballast * * * and dropped from a truck at *900 intervals along the borders to be outlined. * * * _ the ballast should be removed when the emergency light units are not in use so as to preserve the bags * * *. *****
As described in the patent, the bag is opened by means of a circular clamp, similar to an automobile radiator hose clamp, which surrounds the mouth of the bag into which the lamp is inserted. In plaintiffs’ commercial device, however, the bag is zippered along one side.
Defendant’s position is that plaintiffs’ patent is invalid under 35 TJ.S.C. § 102(b) [2] as “fully anticipated” by a patent to Gold et al. (hereinafter “Gold”);[3] and, alternatively, that the patent is invalid under 35 TJ.S.C. § 103,[4] in view of patents to Gearon et al. (hereinafter “Gearon”) and Scott-Foxwell.[5] None of the three above-named patents was considered by the U.S. Patent Office during prosecution of plaintiffs’ application.
To anticipate a claimed invention under 35 U.S.C. § 102 (b), a prior art reference must disclose all the elements of the claimed combination, or their equivalents, functioning in substantially the same way to produce substantially the same result. Straussler v. United States, 168 Ct. Cl. 852, 339 F. 2d 670, 143 USPQ, 443 (1964). Gold falls considerably short of that goal. It teaches nothing more than a conventional flashlight mounted atop a lady’s handbag. The patent states: *****
*901 * * * The advantage of the construction resides in the fact that the flashlight may thus be carried and used when needed. For example during war time, in blackouts, the flashlight may be used to guide one through blackout areas. In peace time, the flashlight may be used on dark country roads, or other dark places.
*****
Defendant contends that although Gold “does not show structure completely identical in appearance” to Palmer’s device, “the purpose and inherent functioning” of the two devices is “identical.”
Patent claims, while the measure of the invention, must be read and construed in light of the specification. Smith v. Snow, 294 U.S. 1 (1935); II Walker, Patents § 241 (Deller’s 2d ed. 1964). Claim construction is a practical matter and should be done on a rational basis to avoid unreasonable and unjust results. See Emery Industries, Inc. v. Schumann, 111 F. 2d 209, 41 USPQ 765 (7th Cir. 1940); II Walker, Patents § 264 (Deller’s 2d ed. 1964). The claim here recites that the “bag” in plaintiffs’ combination is a “base” for the electric light unit “when filled with suitable loose weights.” Gold’s handbag is not a “base” within the meaning of Palmer’s claim, as read and interpreted in light of the specification. Contrary to defendant’s arguments, the claim phrase “suitable loose weights” does not embrace “lipsticks, compacts, keys, etc. * * * customarily carried in a ladies’ handbag,” nor is Gold’s handbag a “normally empty” flexible bag, within the meaning of the claim and specification. The limitation “normally empty” must be construed in the context of plaintiffs’ disclosure. When so done, the teaching of Gold is not relevant. Defendant, therefore, has not made out a defense under 35 U.S.C. § 102(b).
Turning to defendant’s alternative defense, Gearon relates to signal flares of the type used by trainmen to warn succeeding traffic of an emergency. The flare is mounted in a perforated paper bag filled with sand which serves as a weighted base. When thrown from a moving train, the bag, upon hitting the ground, bursts at the perforations and sand seeps out to form a widened support base for the flare.
Scott-Foxwell teaches a beanbag support base “for supporting articles [e.g., a reading lamp] on uneven, slippery *902 or yielding surfaces.” The bag has a circular opening through which ballast is put and1 which is sealed by sandwiching bag material at the’periphery between two circular discs held together by a screw and nut. There is no suggestion in the patent that the discs be removed from time to time to add or remove ballast. The discs, besides sealing up the bag, serve as a support for the reading lamp or other article attached to the bag.
Defendant admits that neither Gearon nor Scott-Foxwell anticipates plaintiffs’ claim under 35 U.S.C. § 102 (b) but argues that they be considered “references under 35 U.S.C. § 103.” Whether an invention is patentable under section 103 depends on factual analysis of the patented' invention and the prior art. The test is stated in Graham v. John Deere Co., 383 U.S. 1, 17-18, 148 USPQ 459, 467 (1966) :
* * * Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented. As. indicia of obviousness or nonobviousness, these inquiries may have relevancy.
This court recently reiterated the necessity for strictly applying this standard. Martin-Marietta Corp. v. United, States, 179 Ct. Cl. 70, 373 F. 2d 972, 153 USPQ 206 (1967).
Considering first the scope and content of the prior art, patents relied on by the Patent Office, during prosecution of plaintiffs’ application, are in two categories: (1) Those which teach an electric light secured atop a support such as a portable metal base and (2) those which teach beanbag or loose ballast-containing supports in combination with ashtrays, baby bottle holders, and the like. The examiner rejected broad claims asserted by applicant to the combination of an electric light with a loose ballast-containing support on grounds that such combination would be obvious in view of (1) and (2), above. Applicant then narrowed the scope *903 of the claim by reciting as a limitation that the bag was “normally empty.” Based on such difference over the prior art, the examiner allowed the claim.[6]
Defendant contends such difference would have been obvious within the meaning of section 103. Certainly it is a simple difference and at first blush appears to be an obvious one.[7] However, plaintiffs argue that the invention has met with great commercial success which should be considered an indicia of unobviousness. An affidavit of the inventor reviews the background of development of runway emergency lighting from prior to World War II until he conceived his invention in 1954. He alleges that “[his] emergency lights * * * were an immediate success as evidenced by royalties received by me; within three years the emergency lights according to the invention substantially superseded the flarepots previously used.” Plaintiffs also submit an article dated April 1956 which appeared in “the MATS flyer,” a publication of the Military Air Transport Service. The article, written by Col. M. A. Elkins, then Commander of Andrews Air Force Base, praises plaintiffs’ emergency light, noting among other things the “zippered base for ease in loading ballast.” Further, the article states—
The problem of ballast, a minor one, also came in for experimentation. Andrews APB finally settled on sand, after trials with gravel. It is felt that this ballast will prove sufficient even under the stress of high winds or direct jet blast. Any type of ballast can be used — snow, dirt, rocks, water (let freeze), among others.
I have long felt the need for a more satisfactory emergency light, and through the continuous testing con *904 ducted by Wing Operations and Transient Maintenance, I feel that we have found the answer in Bekon. Hq USAF and other major commands have been closely watching our lead on this.
At Andrews, the Bekon has meant increased readiness, mobility, and flexibility of lighting. And it may soon become as much a part of the Air Force as its namesake, the beacon.
The Supreme Court, in Graham, supra, recognized that commercial success and satisfying of long-felt need are “secondary considerations” which may be relevant indicia of unobviousness under section 103. This case is one where such considerations appear to be relevant. The commercial success alleged by plaintiffs is apparently based on the solution to a problem of relatively long standing. Although plaintiffs’ solution was a simple one and there is no allegation that others in the field tried' and failed to solve the problem of unsatisfactory emergency runway lighting, beanbag supports are at least as old as 1930,[8] and lamps supported by movable bases were known as early as 1922.[9] Yet apparently no one came up with plaintiffs’ idea until Palmer did in 1954, a persuasive indication of unobviousness.
Nor does it appear here that commercial success is attributable substantially to factors independent of the claimed invention, such as advertising, superior workmanship, etc. On the contrary, plaintiffs’ commercial success appears to be attributable in large part to the feature upon which patentability is predicated. Therefore, under the circumstances of this case, it is the duty of the trier of fact to consider evidence of commercial success before reaching the legal conclusion of obviousness or unobviousness.
To sum up, the question of obviousness is a close one and the temptation to equate obviousness with simplicity is appealing. However, giving due regard to the prior art, the Patent Office file history of plaintiffs’ patent application, and plaintiffs’ allegations of commercial success, and mindful that summary judgment is to be used' only in cases where *905 patent invalidity is “manifest” (Fallon v. United States, 144 Ct. Cl. 121, 168 F. Supp. 175, 120 USPQ 15 (1958)), plaintiffs are entitled to their day in court to make out what case they can for unobviousness. Defendant’s motion for summary judgment should be denied.

 Issued September 10, 1957, to Samuel L. Palmer. Palmer Is one plaintiff here; his coplaintiff, Standard Parts & Equipment Corp., is exclusive licensee under the patent.

 A person shall be entitled to a patent unless—
*****
“(b) the Invention was patented or described in a printed publication in this or a foreign country * * *, more than one year prior to the date of the application for patent in the United States * * *.”

 U.S. Patent 2,334,084, issued November 9, 1943, entitled “Flashlight Handle for Ladies’ Handbags.”

 § 103.
Conditions for patentability; non-obvious subject matter
“A patent may not be obtained though the Invention Is not Identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. * * *”

 Gearon et al., U.S. Patent 2,547,698, Issued April 3, 19'51, entitled “Signal Flare”; Scott-Foxwell, British Patent 622,680, issued May 5, 1949, entitled “Improvements in or relating to Non-Slipping Supporting Devices or Feet for Ardeles.”

 The newly cited Scott-Foxwell patent teaches broadly the combination of a light with a loose ballast-containing base, a teaching, as earlier noted, which was not before the patent examiner. Scott-Foxwell is closer prior art than was considered by the Patent Office and the statutory presumption of validity (35 U.S.C. § 282) is accordingly weakened. See Preformed Line Products Co. v. Parmer Mfg. Co., 328 F. 2d 265, 271, 140 USPQ 500, 505 06th Cir. 1964), cert. denied, 379 U.S. 846.
However, defendant cites no reference which teaches the difference over the prior art upon which the Patent Office predicated patentability and therefore the presumption .of validity, though weakened, is not overcome.

 n this regard, two TJ.S. patents to Allen, cited by the Patent Office, show apertures for opening beanbags and means.for opening the apertures. No. 1,778,545 shows a screwcap on the bottom of the bag. No. 2,450,927 shows a zipper along one edge of the bag. Plaintiffs’ claim was allowed by the Patent Office despite such teachings.

 Allen, U.S. Patent 1,778,648, cited by the Patent Office, Issued October 14, 1930.

 Congdon, U.S. Patent 1,426,946, cited by the Patent Office, Issued August 15, 1922.